**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| LAWRENCE E. DUNN,<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>Defendant. | Civil No. 04-1476 (JRT/JSM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Jennifer G. Mrozik, **NORTHWEST DISABILITY SERVICES**, 1611 West County Road B, Suite 106, Roseville, MN 55113, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

The Commissioner of Social Security ("Commissioner") denied plaintiff Lawrence E. Dunn's ("Dunn") January 27, 2000 application for disability insurance benefits. After exhausting his administrative remedies, Dunn filed a lawsuit in this Court. Dunn and the Commissioner each submitted motions for summary judgment, which were referred to United States Magistrate Judge Janie S. Mayeron for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). In her Report and Recommendation dated February 17, 2005, the Magistrate Judge recommended that the Commissioner's motion for summary judgment be granted and Dunn's motion for summary judgment be denied. This matter is now before the Court on

Dunn's objections to the Report and Recommendation. The Court has conducted a *de novo* review of Dunn's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons discussed below, the Court overrules Dunn's objections and adopts the Report and Recommendation.

## BACKGROUND[1]

On January 27, 2000, Dunn filed a claim for Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416, 423. In his claim, Dunn alleged disability as of October 31, 1986, due to migraine headaches.[2] The Commissioner denied Dunn's claim, finding that he was not disabled prior to his date of last insured ("DLI").[3] Upon reconsideration, the Commissioner denied Dunn's claim a second time.

Dunn filed a request for further review and a hearing was held before an ALJ on April 4, 2001. On August 21, 2001 the ALJ denied Dunn's claim finding that he had no relevant past work history and that he was able to perform other jobs existing in significant numbers in the economy. After a series of appeals, United States Magistrate

---

[1] This order includes only the facts relevant to Dunn's objections to the Report and Recommendation. A full recitation of the facts and the extensive procedural background of this case can be found in the Magistrate Judge's Report and Recommendation. *Dunn v. Barnhart*, No. 04-cv-1476 (JRT/JSM) (D. Minn. Feb. 17, 2005).

[2] The Administrative Record is available to *Dunn v. Barnhart*, No. 02-cv-242 (PAM/SRN) (D. Minn. filed Apr. 4, 2002).

[3] In order for Dunn to be eligible for Title II Social Security benefits, he must show an onset of a disability that would make him eligible for benefits prior to his DLI. The parties have agreed that Dunn's DLI is December 31, 1986.

Judge Susan R. Nelson, granted a joint motion to remand Dunn's case for further proceedings.

The Appeals Council then remanded the case back to the ALJ, instructing her to consider medical evidence obtained subsequent to Dunn's DLI. After a review of the evidence and a hearing that included additional testimony, the ALJ again found that Dunn was not eligible for benefits prior to his DLI.[4] Upon Dunn's application for review, the Appeals Council found that the ALJ had thoroughly evaluated all of the evidence, including medical evidence obtained after Dunn's DLI, and declined his request.

Dunn then filed a complaint with this Court pursuant to 42 U.S.C. § 405(g). Motions for summary judgment were filed by both Dunn and the Commissioner, which were referred to Magistrate Judge Mayeron for a Report and Recommendation. Magistrate Judge Mayeron recommended that the Commissioner's motion for summary judgment be granted and Dunn's motion be denied.

In his objections to the Report and Recommendation, Dunn argues that, on remand, the ALJ improperly evaluated the medical evidence obtained subsequent to his DLI, and that there is not substantial evidence supporting the Commissioner's decision that he was not disabled prior to the expiration of his insured status.

---

[4] The Administrative Record for these proceedings are available to *Dunn v. Barnhart*, No. 04-cv-1476 (JRT/JSM) (D. Minn. filed June 22, 2004).

## ANALYSIS

When reviewing the Commissioner's decision, the Court's review is limited to determining whether the decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Qualls v. Apfel*, 158 F.3d 425, 427 (8th Cir. 1998). Substantial evidence exists if a reasonable mind would accept such evidence as adequate to support the Commissioner's conclusion. *Jackson v. Apfel*, 162 F.3d 533, 536 (8th Cir. 1998). As long as there is substantial evidence in the record supporting the Commissioner's conclusion, the Court cannot reverse merely because substantial evidence may exist which would support an opposite decision. *Id*. When assessing the substantiality of the evidence, the Court must consider evidence that both supports and detracts from the Commissioner's decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Dunn first argues that the ALJ erred in not evaluating the medical evidence obtained subsequent to his DLI. *See Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984) (stating that subsequent medical evidence can be relevant when it bears on the claimant's condition before the expiration of his or her insured status). The record shows, however, that the ALJ did consider all of the evidence. In fact, the ALJ found that based on Dunn's subsequent medical evidence, Dunn has probably been disabled since 1999 due to headaches, coronary artery disease, degenerative disc disease, and fibromyalgia. The ALJ further found, however, that the subsequent medical evidence did not establish disability prior to Dunn's DLI.

Dunn also argues that the ALJ's decision to deny benefits is not based on substantial evidence. Although there is evidence in the record that supports a finding of disability, as indicated by Dunn; there is also substantial evidence to support the ALJ's finding that Dunn was not sufficiently disabled to be eligible for Title II benefits prior to his DLI. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000) (stating that the Court "may not reverse the Commissioner's decision merely because substantial evidence supports a contrary outcome"). On remand, the ALJ evaluated evidence that included the opinions of medical professionals on behalf of Dunn and the Commissioner, in addition to a vocational expert's testimony about the availability of jobs in the regional economy that Dunn could have performed during the period at issue. The ALJ also noted that 1) there is only one doctor's note pertaining to Dunn's migraine headaches prior to Dunn's DLI; 2) subsequent medical evidence in the form of medical records and documents obtained after Dunn's DLI refer only to a subjective medical history prior to his DLI; 3) no doctor has opined that Dunn was completely unable to perform any work prior to his DLI; 4) there is little documentation as to the frequency and intensity of Dunn's headaches in the years after his DLI, and there is significant evidence that medications and chiropractic manipulations were effective in relieving Dunn's symptoms; and 5) on remand, a vocational expert testified that there were over 8,000 jobs in the regional economy available to a hypothetical individual with Dunn's functional limitations during the period prior to his DLI. Based on this record, the Court finds that substantial evidence supports the ALJ's decision to deny the existence of total disability prior to the expiration of Dunn's insurance.

After a careful review of the record and the Magistrate Judge's thorough Report and Recommendation, the Court finds that the ALJ's decision was based on an evaluation of the record as a whole and that the ALJ's determination that Dunn was not disabled prior to his DLI is supported by substantial evidence.

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** Dunn's objections [Docket No. 22] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 19]. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Commissioner's Motion for Summary Judgment [Docket No. 16] is **GRANTED.**

2. Dunn's Motion for Summary Judgment [Docket No. 13] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   July 6, 2005  
at Minneapolis, Minnesota.

          s/ John R. Tunheim  
          JOHN R. TUNHEIM  
          United States District Judge